IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROSA R. MOORE<br>3707 Ridgelea Drive<br>Fairfax, Virginia 22031 | ) ) ) ) | Civ. Action No. |
| Plaintiff, | ) ) | Jury Trial Demanded |
| v. | ) ) | |
| MIKE JOHANNS, SECRETARY,<br>UNITED STATES DEPARTMENT OF<br>AGRICULTURE | ) ) ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction and venue is proper because Plaintiff was employed by Defendant in the District of Columbia and 180 days have passed since Plaintiff filed her formal EEO complaint of discrimination with the defendant.

### THE PARTIES

2. Plaintiff Rosa R. Moore resides at 3707 Ridgelea Drive, Fairfax, Virginia 22031.

3. On information and belief, Defendant Mike Johanns, Secretary, United States Department of Agriculture, is named in his official capacity as acting secretary of the agency that employed Plaintiff within the U.S. Government.

# FACTS

4. Plaintiff was formerly employed as an Audit Liaison & Management Control Officer, GS-14/1801, Compliance Review Staff, Office of the Administrator, Foreign Agriculture Service ("FAS"), U.S. Department of Agriculture ("USDA) (hereinafter "the agency").

5. This action is filed under § 501 of the Rehabilitation Act of 1973, as amended, 20 U.S.C. § 791 et seq. ("the Rehabilitation Act") and alleges that the defendant discriminated against the Plaintiff on the basis of her disabilities, its record of her disabilities, and its perception of her as if she were disabled, by denying her reasonable accommodations and constructively discharging her from its employment.

6. Plaintiff is also alleging discrimination based retaliation for initiating an EEO complaint against the agency.

7. Plaintiff typically telecommuted one day per week.

8. Plaintiff typically worked a "maxiflex schedule." This schedule permits employees to arrive anytime between 7:00 a.m. and 9:00 a.m. with their workday ending 8.5 hours later. During her employment, Plaintiff typically worked from 6:30 a.m. until between 3:30 p.m. and 5:00 p.m. The agency allowed workers on the maxiflex schedule to work up to 2 additional credit hours daily without advance approval between the hours of 6:30 a.m. and 7:00 a.m. or 3:30 p.m. and 7:30 p.m.

9. The telecommuting and maxiflex schedule were options available to all agency employees.

10. Plaintiff suffers from epilepsy and major depressive disorder.

11. Plaintiff's medical conditions substantially limit her major life activities, including but not limited to performing manual tasks, working, thinking, walking, hearing, seeing, caring for herself, concentrating, sleeping, driving and other physically taxing activities.

12. Plaintiff initially advised the agency that she had "health issues" either while she was interviewing for the position or shortly after she became employed in December 2003.

13. On or about August 2004, Plaintiff's medical conditions began to worsen. Plaintiff advised her supervisor that she had epilepsy and that her physician had recently doubled the dosage of her medication.

14. As a result of the increase in the epilepsy medication dosage, Plaintiff began to experience other medical problems such as severe fatigue and increased susceptibility to infections. Plaintiff was frequently absent from work due to illness.

15. Because her medical condition did not improve, beginning on or about February 28, 2005, and on numerous occasions thereafter, Plaintiff requested both orally and in writing that the agency provide her with reasonable accommodations that would enable her to continue performing her job duties. Plaintiff requested (1) to telework from home two days per week; (2) to work from home on days of inclement winter weather (regardless of whether she had teleworked from home that week); (3) the option to work or not work up to two credit hours from home pursuant to the USDA's "maxiflex schedule" and (4) modification of her work

start time (i.e. permission to start work before 6:30 p.m.).

16. Plaintiff provided documentation from her healthcare providers supporting her requests for accommodations.

17. The agency denied Plaintiff's requests for accommodations.

18. The agency failed to engage in an interactive dialogue with Plaintiff regarding her requests for accommodations.

19. In April 2005, Plaintiff's symptoms worsened because of the stress caused by the agency's failure to provide her with the reasonable accommodations that she sought.

20. On or about April 17, 2005, Plaintiff suffered a seizure during which she injured her neck and which triggered a neuromuscular condition later diagnosed as fibromyalgia.

21. Because Plaintiff's medical conditions prevented her from coming into the office, Plaintiff requested to work from home. The agency denied her request and Plaintiff was forced to take unscheduled leave.

22. On or about April 22, 2005, Plaintiff filed a complaint of discrimination with the agency.

23. After Plaintiff filed her complaint of discrimination, the agency engaged in discriminatory retaliation.

24. On or about April 29, 2005, the agency sent Plaintiff a memorandum entitled "Advisory Notice of Concerns Regarding Your Conduct and Performance." The memorandum advised Plaintiff of concerns regarding "time and attendance practices, demonstration of performance while telecommuting, and use of official

time for unofficial purposes." In addition, the memorandum warned Plaintiff that "appropriate disciplinary action" would be taken if her behavior did not improve. Prior to the April 29, 2005 memorandum, Plaintiff had never received any discipline or any memoranda threatening discipline.

25. Plaintiff felt she had no choice except to resign given the fact that the agency refused to grant her a reasonable accommodation and was threatening her with disciplinary action.

26. By and through its conduct, defendant constructively discharged Plaintiff from her employment.

27. Plaintiff has sustained damages as a result of defendant's unlawful conduct consisting of lost wages and benefits, front pay, front benefits, emotional distress, pain and suffering and mental anguish.

## COUNT 1

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-21.

29. By and through its conduct, defendant violated the Rehabilitation Act by denying her reasonable accommodations for her disabilities.

## COUNT 2

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-23.

31. By and through its conduct, defendant violated the Rehabilitation Act by constructively discharging Plaintiff from her employment because of her disabilities, its perception of her as disabled, and its record of her disabilities.

## COUNT 3

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-25.

33. By and through its conduct, Defendant discriminated against Plaintiff in reprisal for filing an EEO complaint in violation of Title VII of the Civil Rights Act of 1964.

### JURY DEMAND

Plaintiff demands a trial by jury on each count in this complaint.

WHEREFORE, Plaintiff demands judgment against Defendant on Counts 1, 2 and 3 in the amount of $300,000.00 and seeks front pay/benefits, and damages to be determined by a jury for lost wages, lost benefits, compensatory damages for pain and suffering, mental anguish, emotional distress and in addition, Plaintiff demands reasonable attorneys' fees.

Date: 5/15/07

_____
Alan Lescht
Susan L. Kruger
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Rosa R. Moore

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

## DEFENDANTS
Mike Johanns, Secretary United States Department of Agriculture

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

Case: 1:07-cv-01014
Assigned To : Friedman, Paul L.
Assign. Date : 6/5/2007
Description: Employ. Discrim.

JURY ACTION

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alan Lescht & Associates, P.C.
1050 17th St, NW Suite 220
Washington DC 20036 (202)463-6036

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food &Drug | |
| ☐ 230 Rent, Lease & Ejectment | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 480 Consumer Credit |
| ☐ 240 Torts to Land | Prisoner Petitions | | ☐ 490 Cable/Satellite TV |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 630 Liquor Laws | ☐ 810 Selective Service |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 640 RR & Truck | ☐ 850 Securities/Commodities/Exchange |
| | ☐ 550 Civil Rights | ☐ 650 Airline Regs | |
| Personal Property | ☐ 555 Prison Condition | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 370 Other Fraud | | | |
| ☐ 371 Truth in Lending | Property Rights | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights | | |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 840 Trademark | Other Statutes | |
| | | ☐ 400 State Reapportionment | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| | Federal Tax Suits | ☐ 430 Banks & Banking | |
| | ☐ 870 Taxes (US plaintiff or defendant | ☐ 450 Commerce/ICC Rates/etc. | |
| | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 460 Deportation | |

③

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.) 42 USC 2000

Constructive discharge in violation of the Rehabilitation Act of 1973; Retaliation in violation of Title VII

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   **DEMAND $** 300,000.00   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 5/15/07   SIGNATURE OF ATTORNEY OF RECORD

6-5-07

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.