IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROSA R. MOORE<br>　　　　Plaintiff<br><br>　　　v.<br><br>CHUCK CONNER,<br>ACTING SECRETARY,<br>DEPARTMENT OF AGRICULTURE<br>　　　　Defendant | Civ. Act. No. 07-1014(PLF) |

Defendant, Chuck Connor, in his official capacity as Acting Secretary of the United States Department of Agriculture ("Defendant" or "the Agency"), through the undersigned counsel, hereby answers the Complaint filed in the above-styled action.

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff has failed to state a claim upon which relief may be granted

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff has failed to exhaust her administrative remedy as to the constructive discharge claim.

**THIRD AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over Plaintiff's Complaint.

**FOURTH DEFENSE**

Defendant responds to the corresponding numbered paragraphs of the Complaint by admitting, denying or stating the following:

1

## JURISDICTION AND VENUE

1. Paragraph 1 consists of Plaintiff Rosa R. Moore's ("Plaintiff") characterization of the Court's jurisdiction over this action, a conclusion of law to which no response is required. To the extent a response is deemed required, Defendant denies that all allegations raised in the Complaint support subject matter jurisdiction in this Court. Further, Defendant denies that Plaintiff has exhausted all of her administrative remedies. It is admitted only that Complainant filed a formal EEO complaint of discrimination on July 1, 2005. To the extent that any additional response is required, Defendant denies the remaining allegations in paragraph 1.

## THE PARTIES

2. Defendant lacks sufficient information or knowledge to admit or deny that Plaintiff is a resident of Fairfax, Virginia, and accordingly denies the allegations.

3. Defendant admits that Mike Johanns was the former Secretary of the United States Department of Agriculture and was sued in his official capacity. Chuck Connor is the current Acting Secretary of the United States Department of Agriculture. Defendant further admits that Plaintiff was formerly employed by the Agency.

## FACTS

4. Defendant Admits the allegations contained in paragraph 4 of the complaint.

5. Paragraph 5 constitutes Plaintiff's legal conclusions articulating the focus and alleged legal bases for her lawsuit to which a response is not required. To the extent that a response is required, Defendant denies that the allegations raised in paragraph 5

support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

      6.      Paragraph 6 constitutes Plaintiff's legal conclusions articulating the focus and alleged additional legal bases for her suit to which a response is not required. To the extent that a response is required, Defendant denies that the allegations raised in paragraph 6 support a viable cause of action in this Court, or that Plaintiff is entitled to any relief whatsoever.

      7.      Denied.

      8.      Denied.

      9.      Denied.

      10.      Defendant is without information sufficient to form a belief as to whether the allegations contained in paragraph 10 are true or false; and therefore, Defendant denies the allegations.

      11.      Defendant is without information sufficient to form a belief as to whether the allegations contained in paragraph 11 are true or false; and therefore, Defendant denies the allegations.

      12.      Denied.

      13.      Defendant admits only that in mid-2004 Plaintiff informed Robert Huttenlocker that she had a form of epilepsy. Defendant denies all of the remaining allegations in paragraph 13.

      14.      Defendant is without information sufficient to form a belief as to whether the allegations contained in paragraph 14 are true or false; and therefore, Defendant denies the allegations.

15.     Defendant admits that on March 2, 2005, via electronic mail Robert Huttenlocker advised Plaintiff to work directly with Nichole White, Disability Employment Program Manager, regarding any workplace accommodation requests.  It is further admitted that on April 4, 2005, Plaintiff submitted an AD-1163 form requesting: 1) to telework from home two days a week; 2) the ability to work from home on days of inclement weather, regardless of whether or not she had already worked from home two days that week; 3) a maxi-flex schedule; and, 4) the option to modify her start time before 6:30 am on an as needed basis.  Defendant denies all of the remaining allegations in paragraph 15.

16.     Defendant admits that Plaintiff provided Defendant with limited medical documentation related to her accommodation request.  Defendant denies that the information submitted supported the specific accommodations set forth in paragraph 15 above.  Defendant denies all of the remaining allegations contained in paragraph 16.

17.     Denied.  The Agency states that it on April 22, 2005, it issued an Accommodation Request Decision which approved accommodation for Plaintiff under the Disability Employment Programs.

18.     Denied.

19.     Denied.

20.     Defendant is without information sufficient to form a belief as to whether the allegations contained in paragraph 20 are true or false; and therefore, Defendant denies them.

21.     Denied.

22.     Denied.  However, it is admitted that Plaintiff filed a complaint of discrimination with the Agency.  Plaintiff filed a formal EEO Complaint on July 1, 2005.  Plaintiff's initial date of contact with an EEO counselor for case number FAS-2005-007760 was May 2, 2005.

23.     Denied.

24.     Defendant admits that on April 29, 2005, Robert Huttenlocker provided Plaintiff with a memorandum via electronic mail titled "Advisory Notice of Concerns Regarding Your Conduct and Performance."  It is admitted that the memorandum states, in part, "[t]he purpose of this memorandum is to put you on notice that I have several concerns regarding your recent time and attendance practice, demonstration of performance while telecommuting and use of official time for unofficial purposes.  I am very concerned that these issues are adversely impacting official operations…"  Defendant denies all of the remaining allegations contained in paragraph 24.

25.     Defendant is without information sufficient to form a belief as to whether the allegations contained in paragraph 25 are true or false; and therefore defendant denies them.

26.     Denied.

27.     Denied.

## COUNT 1

28.     Defendant incorporates by reference its Answers as set forth in paragraphs 1-27 above, in response to paragraph 28 of the Plaintiff's complaint.

29.     Denied.

## COUNT 2

30.Defendant incorporates by reference its Answers as set forth in paragraphs 1-29 above, in response to paragraph 30 of the Plaintiff's complaint.

31.Denied.

## COUNT 3

32.Defendant incorporates by reference its Answers as set forth in paragraphs 1-31 above, in response to paragraph 32 of the plaintiff's complaint.

33.Denied.

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant states that Plaintiff is not entitled to the relief requested or to any relief whatsoever.

Defendant denies each and every allegation in Plaintiff's Complaint that is not expressly admitted in this Answer.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney

/s/
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney

Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334