# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| ROSA R. MOORE, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-1014 (PLF) |
| v. | ) | |
| | ) | |
| CHUCK CONNER, | ) | |
| ACTING SECRETARY, | ) | |
| DEPARTMENT OF AGRICULTURE, | ) | |
| Defendant | ) | |

_____

## AGENCY'S MOTION FOR PARTIAL DISMISSAL

Defendant Chuck Conner, the Acting Secretary of Agriculture for the U.S. Department of Agriculture ("Defendant" or "USDA"), respectfully moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to partially dismiss Plaintiff's Complaint of employment discrimination because of Plaintiff's failure to timely initiate contact with an EEOC counselor and to exhaust administrative remedies.   Plaintiff's allegations related to constructive discharge by the Defendant are untimely and should be dismissed.   In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Respectfully submitted,

/s/

_____
JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney

/s/
_____

RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney

/s/
_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.   20530
(202) 305-1334

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————
                                        )
ROSA R. MOORE,                          )
                                        )
          Plaintiff,                    )
                                        )        Civ. Act. No. 07-1014 (PLF)
          v.                            )
                                        )
CHUCK CONNER,                           )
ACTING SECRETARY,                       )
DEPARTMENT OF AGRICULTURE,              )
                                        )
          Defendant.                    )
—————————————————

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF USDA'S MOTION FOR PARTIAL DISMISSAL

**I.      FACTUAL AND PROCEDURAL HISTORY**

          Plaintiff, Rosa (Vicky) R. Moore is a former Audit Liaison and Management Control Officer, GS-1801-14, on the Compliance Review Staff of the United States Department of Agriculture ("USDA"), Foreign Agriculture Service, ("FAS") Office of Administration in Washington, DC.   See Complaint, ¶ 4.

          According to USDA records, Plaintiff initiated EEO counseling on or about May 2nd or 3rd of 2005, regarding the following issues:

          1.      Failure to provide reasonable accommodation;
          2.      Denial of due process in the processing of her request for reasonable accommodation;
          3.      Inappropriate disclosure of medical information; and,
          4.      Being issued an advisory notice of concerns regarding her conduct and performance, dated April 29, 2005.

See ROI, Exhibit ("Exh.") 3, pp. 18-19 (EEO Counselor Report); see also ROI, Exh. 3, p. 00110 (identifying initial contact with FAS Civil Rights Staff as May 3, 2005).

Thereafter, Plaintiff resigned from her position with FAS on May 20, 2005. She was notified of her right to file a formal EEOC complaint in a letter dated June 15, 2005, which she received on June 16, 2005. ROI, Exh. 3, p. 00110-00112. Plaintiff filed a formal EEOC complaint on July 1, 2005. ROI, Exh. 2, p. 00017. A case number was assigned to the complaint. The Agency's Office of Civil Rights issued a letter to Plaintiff on November 23, 2005, stating that it had accepted the following claims for investigation in Agency Case No. FAS-2005-00760:

> Whether the agency subjected the complainant to discrimination based on physical and mental disabilities and reprisal (prior EEO activity) when:
>
> 1.   on April 1, 2005, complainant was denied due process in her request for reasonable accommodation;
> 2.   on April 22, 2005, complainant's sensitive medical records were inappropriately released to her supervisor;
> 3.   on April 25, 2005, complainant was denied reasonable accommodation, including temporary accommodation; and,
> 4.   on April 29, 2005, complainant was issued an advisory notice of concern regarding her conduct and performance?

ROI, Exh. 2, p. 00017.

Plaintiff requested a hearing before the Equal Employment Opportunity Commission ("EEOC"). The EEOC scheduled a hearing for January 10, 2007; however, Plaintiff voluntarily withdrew her complaint prior to the hearing. See December 21, 2006, Order of Dismissal attached hereto as Exhibit A. On June 5, 2007, Plaintiff filed this complaint before the United States District Court for the District of Columbia. Plaintiff's Federal District Court case alleges employment discrimination related to the denial of reasonable accommodations, (Count 1), constructive discharge (Count 2), and reprisal (Count 3). See Complaint, ¶¶ 28-33. The Agency has no record of any formal EEOC complaint by Plaintiff related to constructive discharge.

## II.        ARGUMENT

PLAINTIFF'S ALLEGATIONS RELATED TO CONSTRUCTIVE
DISCHARGE SHOULD BE DISMISSED FOR THE FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES

"Dismissal results when a plaintiff fails to exhaust administrative remedies."

Thrash v. Library of Congress, 2006 WL 463251 (D.C. Cir. 2006) (citing Gillet v. King,

931 F.Supp 9, 12-13 (D.D.C. 1996) (dismissing plaintiff's Title VII claim for failure to

exhaust administrative remedies)).   Plaintiff having failed to timely file the constructive

discharge claim at the administrative level may not now resurrect it before the District

Court.

Under rulemaking authority delegated by Title VII, see 42 U.S.C. § 2000e-16(b),

the EEOC has "established detailed procedures for the administrative resolution of

discrimination complaints, including a series of time limits for seeking informal

adjustment of complaints, filing formal charges, and appealing agency decisions to the

Commission."   Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R.

Part 1614 (Federal Sector Equal Employment Opportunity).   The EEOC's regulations

provide that "aggrieved" employees or applicants for employment who allege they have

been discriminated against must first consult an agency EEO counselor before filing a

complaint of discrimination and must do so within 45 days of the "matter alleged to be

discriminatory or, in the case of personnel action, within 45 days of the effective date of

the action."   29 C.F.R. § 1614.105(a)(1).

If the matter is not resolved through informal counseling, the aggrieved

employee must, within 15 days, file a written complaint with the agency that allegedly

discriminated against him.   29 C.F.R. § 1614.106(a)-(c).   The agency must investigate

3

the matter within 180 days or reject the complaint and issue a final dismissal.   Id. at §

1614.106(d)(2).   At the conclusion of the agency's investigation, the complainant may

request a hearing before an EEOC administrative judge or an immediate final decision by

the agency.   Id. at § 1614.108(f).   If the employee chooses the former, the EEOC

administrative judge will conduct a hearing and make factual and legal findings, which

will be transmitted to the agency as a recommended decision.   The agency then issues a

final decision.   Id. at §§ 1614.109(g) and .110.

A complainant who receives a final adverse decision from his agency may appeal

that decision to the EEOC within 30 days, or may file a civil action within 90 days.   If

the complainant appeals to the EEOC, he must file a civil action within 90 days of

receiving the EEOC's decision.   29 C.F.R. § 1614.408; see also   Wilson v. Pena, 79

F.3d 154 (D.C. Cir. 1996); Holly v. Secretary of Veterans Affairs, 165 F.3d 244, 246 (3d

Cir. 1999).   Alternatively, a complainant also may file a civil action at any time after his

complaint has been pending before the agency or the EEOC for at least 180 days.   42

U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408.

Compliance with these procedures and time lines set forth for administrative

review are mandatory.   "Complainants *must* timely exhaust these administrative

remedies before bringing their claims to court."   Bowden, 106 F.3d at 437; Battle v.

Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable

administrative complaints and appeals in order to bring a claim in federal court");

Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge

is a prerequisite to initiation of a Title VII action").   As the U.S. Supreme Court has

stated, "'strict adherence to the procedural requirements specified by the legislature is the

best guarantee of evenhanded administration of the law.'"   National Railroad Passenger

Corporation v. Morgan, 536 U.S. 101, 108 (2002) (quoting Mohasco Corp. v. Silver, 447

U.S. 807, 826 (1980)).

      The reason for this result is clear.   The exhaustion requirement "serves the

important purposes of giving the charged party notice of the claim and narrow[ing] the

issues for prompt adjudication and decision." Park v. Howard University, 71 F.3d 904,

907 (D.C. Cir. 1995) (citation omitted).   Moreover, it "gives federal agencies an

opportunity to handle matters internally wherever possible" and "ensure(s) that the

federal courts are burdened only when reasonably necessary."   Brown v. Marsh, 777 F.

2d. 8, 14 (D. C. Cir 1985).

      Under the statutory framework a plaintiff must exhaust his or her administrative

remedies and the agency must be given the initial opportunity to resolve the issue

internally.   Lamont v. Forman Bros.,Inc., 410 F. Supp. 912, 917 (D.D.C. 1976).   The

agency is unable to carry out its responsibilities under Title VII if it is not timely and

fully informed of the basis of the complaint.   Furthermore, as the court observed in

Milton v. Weinberger, 645 F.2d 1070, 1077 (D.C. Cir. 1981), the reasons for limiting

claims to present violations is to "protect employers from the burden of defending claims

arising from employment decisions that are long past.   Delaware State College v. Rick,

[449] U.S. [261] (1980)." Accordingly, the failure of plaintiff to avail himself of these

procedures results in dismissal of the claims.   Brown v. General Services

Administration, 425 U.S. 820, 832.   Summary judgment or dismissal is appropriate in

cases where the plaintiff has failed to exhaust administrative remedies, Jensen v. Frank, 912 F.2d 517 (1st Cir. 1990); Saltz v. Lehman, 672 F.2d 207 (D.C. Cir. 1982); EEOC v. Boorstin, 751 F.2d 1405 (D.C. Cir. 1985); DeMedina v. Reinhardt, 444 F. Supp. 573 (D.D.C. 1978).

The exhaustion requirement is not a mere technicality.  The Court of Appeals has admonished that a district court should not "allow liberal interpretation of an administrative charge to permit a litigant to bypass the title VII administrative process." Park, supra., at 907.  Moreover, under Morgan, *each* incident of discrimination and *each* retaliatory adverse employment decision "constitutes a separate actionable 'unlawful employment practice,'" for which a timely administrative complaint must be filed.  Id.

Plaintiff failed to bring an administrative complaint alleging discrimination related to constructive discharge.  Notably, Plaintiff has admitted during the EEOC process that her underlying EEOC case did not encompass the constructive discharge claim.  See Motion to Amend dated July 9, 2006, attached hereto as Exhibit B.  The EEOC Administrative judge denied Complainant's request to amend her underlying case to add the constructive discharge claim, holding the request for amendment was not timely.  See Order dated October 13, 2006, and attached as Exhibit C (Stating: "I find that the requested amendment, i.e., the constructive termination claim, was the subject of undue delay as it was not requested until several months into the discovery process.") Plaintiff did not contact an EEO counselor at the time of her alleged constructive discharge; neither did Plaintiff file a formal EEOC Complaint of discrimination related to

6

the constructive discharge.   Accordingly, all claims based on constructive discharge

should be dismissed.

**III.          CONCLUSION**

Wherefore, the Acting Secretary of Agriculture for the U.S. Department of

Agriculture ("Defendant"), respectfully requests that this Court partially dismiss

Plaintiff's Complaint because Plaintiff has failed to exhaust her administrative remedies

with respect to the constructive discharge claim.

Respectfully Submitted,

/s/

JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney

7

/s/
_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.   20530
(202) 305-1334

8



United States
Department of
Agriculture

NOV 23 2005

Office of the
Assistant Secretary
for Civil Rights

Office of
Civil Rights

1400 Independence
Avenue SW

Washington, DC
20250

Mr. Paul Thayer
Attorney at Law
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006

Re: USDA Complaint No.:  FAS-2005-00760
    Rosa Moore

Dear Mr. Thayer:

This letter acknowledges receipt of and accepts your client's Equal Employment Opportunity (EEO) complaint of discrimination against the Foreign Agricultural Service, dated June 30, 2005, and based on the postmark, is considered filed on the July 1, 2005. Please refer to this complaint number in any future communication on the subject EEO complaints.

We are accepting and referring for investigation the following claims:

Whether the agency subjected the complainant to discrimination based on physical and mental disabilities (seizure disorder and neuromuscular condition) and reprisal (prior EEO activity) when:

1. on April 1, 2005, complainant was denied due process in her request for reasonable accommodations?
2. on April 22, 2005, complainant's sensitive medical records were inappropriately released to her supervisor;
3. on April 25, 2005, complainant was denied reasonable accommodation, including temporary accommodation? and
4. on April 29, 2005, complainant was issued an advisory notice of concern regarding her conduct and performance?

The Department of Agriculture (Department) is required under 29 C.F.R. §1614.108 to complete an impartial, factual and appropriate investigation of the accepted claim within 180[1] days of the date the subject EEO complaint was filed. An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred. The complainant and the Department may voluntarily extend the 180-day time period not to exceed an additional 90 days. In addition, the Department may unilaterally extend the 180-day time period or any period of extension

---

[1] All references to days refer to calendar days unless specified otherwise.

for not more than 30 days where it must sanitize a complaint file that contains classified information.

When the investigation begins, an EEO Investigator will contact the complainant. The complainant is required to fully cooperate with the EEO Investigator. Failure to do so may result in dismissal of the EEO complaint. The complainant is required to present to the EEO Investigator all information she wishes considered relevant to the accepted claim. Also, the complainant is required to provide the EEO Investigator with the names of any witnesses she believes should be contacted. The complainant must keep the agency informed of their current address. If the Department s unable to locate the complainant, it may dismiss this EEO complaint under 29 C.F.R. 1614.107(a)(6).

When the complainant receives the EEO investigative report, she will be notified of her rights to elect either an agency decision based on the record or a hearing with a decision from an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ). The notification will provide the complainant with specifics on how to exercise their election rights.

If you and your client have not received the EEO investigative report after 180 days from the filing of your client's EEO complaint, you have the right to request a hearing before an EEOC AJ. Should you request a hearing, enclosed is the identification of the EEOC District Office and address where the hearing request should be sent. Additionally, you must also certify to the EEOC that a copy of the hearing request was sent to the following address:

> United States Department of Agriculture
> Foreign Agricultural Service
> Civil Rights Director
> Mail Stop: 0509
> 1400 Independence Avenue, S.W.
> Washington, DC 20250

If you do not agree with the defined claim, you must provide us with sufficient reasons, in writing, within 7 calendar days from receipt of this letter, and it will be included in the complaint file. The statement should be sent to the following address:

> United States Department of Agriculture
> Office of Civil Rights
> Employment Complaints Division
> **Intake, Accept/Dismiss Branch**
> 1400 Independence Avenue, S.W.
> Stop Code 9440
> Washington, DC 20250-9440

17-(1)

Please also be advised that, consistent with EEOC Regulations and the Secretary of Agriculture's strong commitment to the early resolution of EEO complaints, parties are encouraged to seek resolution to complaints at any stage of the EEO complaint process. Settlement discussions may take place throughout the administrative complaint process. If a resolution is achieved, a copy of the settlement agreement must be provided to this office promptly to avoid unnecessary confusion and additional cost. Likewise, if at any stage of the EEO complaint process the complainant wishes to voluntarily withdraw her complaint, the complainant must promptly provide to this office, a written request to withdraw her EEO complaint. The withdrawal request must be signed, dated, and include the EEO complaint number. To ensure prompt receipt, please fax a copy of the voluntary settlement agreement or voluntary withdrawal directly to the **Complaints Adjudication Division, at Fax Number (202) 401-8035.**

If there are any questions or concerns regarding the status of this complaint, please contact the **CUSTOMER SERVICE UNIT** at 1-800-795-3272.

Sincerely,

Denise A. Banks
Chief
Employment Complaints Division

Enclosure

cc: Civil Rights Director, FAS
ECD Liaison

Ms. Rosa Moore
8517 Pappas Way
Annandale, Virginia 22003

17 (z)

EXHIBIT 3

# EEO COUNSELOR REPORT

Agency Informal Complaint Number:

ECD Formal Complaint Number:

Please check one of the following:    Individual Complaint [ X ]    Class Complaint [ X ]

| COMPLAINANT INFORMATION: | REPRESENTATIVE INFORMATION: |
|---|---|

**COMPLAINANT INFORMATION:**

Name: Moore, Rosa (Vicky)

Title/Series/Grade: Audit Liaison & Management
Control Officer, GS-1801-14

Agency Address:  1400 Independence Avenue, NW
Washington, DC  20250

Work Telephone: N/A

Home Telephone:  (703) 426-5754

E-Mail Address:

**REPRESENTATIVE INFORMATION:**

Name: Thayer, Paul

Title:  Attorney

Address: 1919 Pennsylvania Ave., NW, Ste. 200
Washington, DC, 20006

Telephone Number:

Fax Number:

E-Mail Address:

Attorney?  Yes [ X ]    No [  ]

Anonymity Requested: Yes [  ]  No [ X ]

Choice between ADR and Counseling: (Check the appropriate box.)

ADR [  ]          Counseling [ X ]  If counseling, check the box below if counseling
was extended, in writing. [  ]

## CHRONOLOGY OF COUNSELING ACTIVITY:

| | |
|---|---|
| Date of Initial Contact: | 5/2/05 |
| Date of Initial Interview: | 5/16/05 |
| Date of Most Recent Alleged Discriminating Event: | 4/29/05 |
| Date Complainant Became Aware of Most Recent Event: | 4/29/05 |
| 45th Day After Complainant Became Aware of Most Recent Event: | 6/13/05 |
| Explanation for Delay Beyond 45 Days (w/supporting documents): | N/A |
| Date of Final Interview: | 6/14/05 |
| Date Notice of Right to File (NRF) Issued: | 6/15/05 |
| Date Complainant Received NRF via Certified Mail: | 6/16/2005 |
| Certified Return Receipt Article Number: | 7005 0390 0003 0124 6026 |
| Date Complainant Signed Written Receipt for NRF (if hand-delivered): | |
| Date of Formal Complaint: | |

## INDIVIDUAL COMPLAINT INFORMATION:

Issue: The following issues were raised by the Complainant in her individual complaint: (1) Failure to provide reasonable accommodation, (2) Denial of due process in the processing of her request for reasonable accommodation, (3) Inappropriate disclosure of medical information, and (4) Being issued an advisory notice of concerns regarding her conduct and performance, dated April 29, 2005.

Issue: The following issues were raised by the Complainant in her class complaint: (1) Denial of due process in the processing of disabled employees' requests for reasonable accommodation, (2) Failure by USDA and FSA to provide proper internal controls to ensure Disability Employment Program Effectiveness.

Basis: Disability (Physical) and Reprisal

Date of Issue:

1. Failure to provide reasonable accommodation

On April 25, 2005, Complainant received a decision on her request for reasonable accommodation, dated April 22, 2005.

Complainant alleged the following: Management issued this decision without any discussion or meetings described in the Departmental Directive. Also, she was not granted the accommodation requested or given an opportunity to clarify any issues or provide additional information. She requested to (1) work from home 2 days a week, (2) work from home on days of inclement weather (days in which the Office of Personnel Management announces a 2-hour delay or unscheduled leave or the weather forecast indicates a high probability of precipitation), (3) maxi-flex schedule with the option to work or not to work up to two credit hours from home or in the office, (4) start work before 6:30 a.m. The April 22 decision allowed her to work from home one day a week and allowed her to start work at 5:00 a.m. She was not granted the other accommodations requested or given an opportunity to clarify any issues or provide additional information needed.

She did not receive an AD 1164, Reasonable Accommodation Reporting Form or an AD 1165, Denial of Reasonable Accommodation Request, as required by the Departmental Directive. The decision memorandum misquotes her healthcare provider and limits her workweek to no more then 40 hours per week. She was unable to tell from the memorandum who the deciding official was, and there was no mention of her right to appeal the decision through the EEO process or MSPB. She e-mailed Ms. White to ask who the deciding official was and to request a copy of the AD 1164 and AD 1165, but did not receive a reply. Also, Ms. White expected her to submit an AD-1163, Confirmation of Request for Reasonable Accommodation, but no one gave her the form.

In early May 2005, she told Mr. Huttenlocker to forget about the reasonable accommodation request as the process was too embarrassing and stressful. She had decided to resign from her position

2. Denial of due process in the processing of your request for reasonable accommodation

On February 28, 2005, Complainant informed her supervisor of her intentions to request reasonable accommodation and the agency failed to provide her appropriate assistance in completing her request.

00019

ATTACHMENT 32

# Notice of Right to File

Transmitted by:
Hand Delivery: June 15, 2005
Fax _____
Certified Receipt No: *7005 0390 0003 0124 6026*

Date:  June 15, 2005


Ms. Rosa V. Moore
3707 Ridgelea Drive
Fairfax, VA  22031

Dear Ms. Moore:

On May 3, 2005, you contacted the Foreign Agricultural Service's Civil Rights Staff. You alleged you were discriminated against by Mr. Robert Huttenlocker, Director, Compliance Review Staff, and Ms. Nicole White, Disability Program Coordinator, based on disability (physical) and reprisal (EEO activity) in the manner in which your request for reasonable accommodation was handled.  You also raised a class action on May 3, 2005, based on disability because of the (1) U. S. Department of Agriculture's (USDA) failure to meet oversight and program requirements in accordance with 29 C.F.R. 1614 and (2) failure of USDA and Farm Service Agency to maintain proper internal controls to ensure the disability employment programs effectiveness.

The informal process of your equal employment opportunity (EEO) complaint has been completed.  Since the concerns you raised in the informal process were not resolved to your satisfaction, you are now entitled to file a formal EEO complaint.  If you file a formal complaint, it must in writing, include your signature and filed within **15 calendar days from receipt of this letter**.  Please complete the enclosed formal Complaint of Employment Discrimination form and mail to:

> U.S. Department of Agriculture
> Office of Civil Rights
> Chief, Employment Complaints Division
> 1400 Independence Avenue, SW, Mail Stop 9440
> Washington, DC  20250-9440

A complaint shall be deemed timely filed if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the filing period.

Notice of Right to File: Rosa V. Moore – Page 2

The complaint must be specific and contain only those claims either specifically discussed with me, or claims that are like or related to the issues that you discussed with me. It must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same claims.

If you retain an attorney or any other person to represent you, you or your representative must immediately notify the Office of Civil Rights, Employment Complaints Division, in writing. You and/or your representative will receive a written acknowledgment of your formal complaint.

If you have any additional questions, please call (202) 720-1678.

Sincerely,

Delores H. Ruffin
EEO Counselor

Enclosure: Formal EEO Complaint Form

_____          _____
Signature of Complainant             Date

Revised: 3/29/02:USDA/Bsmith

00111

Rec'd by DST 6/17/2005

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _R Moore_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br><br>Ms. Rosa V. Moore<br>3107 Ridge lea Drive<br>Fairfax, VA 22031 | 3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7005 0390 0003 0124 6026 |
| PS Form 3811, August 2001 | Domestic Return Receipt  102595-02-M-1540 |

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740

Rosa R. Moore,                          )
    Complainant                      )
                      )
                      )
      v.                               )        EEOC Case No. 570-2006-00059X
                      )
Mike Johanns,                           )
    Secretary,                       )        Agency No. FAS 2-5-00760
U.S. Department of Agriculture,         )
    Agency.                          )
                      )        **Date:  December 21, 2006**

## ORDER OF DISMISSAL

    In correspondence dated December 21, 2006, Complainant's representative stated that Complainant has decided not to proceed with the hearing scheduled for January 10, 2007, and will file a complaint in federal court. Based on the foregoing, Complainant has requested a withdrawal of the above-captioned complaint from the administrative process. I hereby GRANT Complainant's request, and am DISMISSING this complaint. A copy of the withdrawal correspondence is attached.

    This Office is also enclosing the hearing record for the Agency.

    This Office will hold the report of investigation for 60 days, during which time the Agency may arrange for its retrieval by calling Tanya Stanfield at (202) 419-0719. If we do not hear from the Agency within 60 days, we will destroy our copy of these materials.

It is so **ORDERED**.

For the Commission:

_Abigail R. Coleman_
Abigail R. Coleman
Administrative Judge
Telephone: (202) 419-0722
Facsimile: (202) 419-0739

enclosure

*Exhibit A*

cc (with enclosure):

U.S. Department of Agriculture
Foreign Agricultural Service
Civil Rights Director
Mail Stop: 0509
1400 Independence Avenue, SW
Washington, D.C. 20250
*Via* first class mail

cc (without enclosure):

Rosa R. Moore
8517 Pappas Way
Annandale, VA 22003
*Via* first class mail

Alan Lescht
Susan Kruger
Alan Lescht & Associates, P.C.
1050 17th Street, NW, Suite 220
Washington, DC 20036
*Via* facsimile to (202) 463-6067

Ejike Obineche
U.S. Department of Agriculture
1400 Independence Avenue, SW
Mail Stop 0591
Washington, DC 20250
*Via* facsimile to (202) 205-3781

2

# ALAN LESCHT & ASSOCIATES, P.C.

1050 17th Street, N.W.
Suite 220
Washington. D.C. 20036

December 21, 2006

VIA FACSIMILE 202-419-0739
Abigail R. Coleman
Administrative Judge
United States Equal Employment Opportunity Commission
Washington Field Office
1801 L Street, N.W.
Washington, DC 20507

Re:    Rosa R. Moore v. U.S.D.A.
        EEOC Case No. 570-2006-00059X

Dear Judge Coleman

        This will confirm that Ms. Moore has decided not to proceed with the hearing
scheduled for January 10, 2007 and will file a complaint in federal court.

                        Sincerely,

                        Susan L. Kruger

cc:    Ejike H. Obineche, Esq.
        202-205-3781 (fax)

TEL 202-463-6036
Fax 202-463-6067

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington Field Office

1801 L Street, N. W., Suite 100
Washington, D. C. 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740

| | |
|---|---|
| Rosa R. Moore,<br>    Complainant<br><br>    v.<br><br>Mike Johanns,<br>Secretary,<br>U.S. Department of Agriculture,<br>    Agency. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

EEOC Case No. 570-2006-00059X

Agency No. FAS 2-5-00760

**Date:  October 13, 2006**

## ORDER

Before me is Complainant's Motion for Reconsideration of the Court's Order Denying the Consent Motion to Amend Complaint ("Complainant's Motion"), filed on or about September 22, 2006. The Agency declined to respond to Complainant's Motion.

On August 7, 2006, I issued an Order denying the parties' June 9, 2006 Consent Motion to Amend on the grounds that Complainant had not complied with her obligation to request amendment as early as possible. On September 26, 2006, Complainant requested reconsideration of this ruling, asserting that the amended complaint should be permitted since it "advances a meritorious claim that alleges additional support for the allegations made in the original complaint," was "not the subject of undue delay or bad faith," and would "not cause prejudice to the Agency." *See* Motion for Reconsideration at 2.

With respect to Complainant's request, I note that the February 23, 2006 Acknowledgment and Order ("A&O") at Section VIII explicitly advised Complainant that motions to amend filed late in the process may be denied. Contrary to Complainant's assertion, I find that the requested amendment, *i.e.* the constructive termination claim, was the subject of undue delay as it was not requested until several months into the discovery process. As set forth in the August 7, 2006 Order, Complainant asserted that her formal complaint of discrimination already contained allegations sufficient to create a claim of constructive termination. As a result, Complainant's contention that it was the Agency's untimely discovery production that prompted her subsequent Consent Motion to Amend on June 7, 2006 (*see* Complainant's Motion at 4) lacks credence. Further, Complainant's contention that the requested amendment should be granted because doing so would not prejudice the Agency is insufficient where she did not comply with her obligation to timely request the amendment.

*Exhibit C*

Based on the foregoing, Complainant's Motion for Reconsideration of the Court's Order Denying the Consent Motion to Amend Complaint is hereby **DENIED**.

It is so **ORDERED**.

For the Commission:

Abigail R. Coleman
Administrative Judge
Telephone: (202) 419-0722
Facsimile: (202) 419-0739

2

# CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing **ORDER** and any attachments within five (5) calendar days after the date they were sent *via* first class mail, or the same day if sent via facsimile or electronic mail.    I certify that on **October 13, 2006**, the foregoing **ORDER** and any attachments were sent *via* first class mail or facsimile, as set forth below, to the following:

Kristin Acuff
*Via* **facsimile to** (202) 466-2693

Ejike Obineche
*Via* **facsimile** *to* (202) 205-3781

Abigail R. Coleman
Administrative Judge