UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
ROSA R. MOORE,                  )
                                )
    Plaintiff,                  )
                                )
    v.                          )   Civil Action No. 07-1014 (PLF)
                                )
EDWARD T. SCHAFER, Secretary,   )
United States Department of Agriculture,[1] )
                                )
    Defendant.                  )
_____)

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for partial dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Mot.") and plaintiff's opposition to that motion ("Opp."). For the reasons stated below, the Court will grant defendant's motion and dismiss Count II of plaintiff's complaint.

I.  BACKGROUND

Plaintiff Rosa R. Moore claims to suffer from epilepsy and major depressive disorder. See Compl. ¶ 10. During the time period relevant to her complaint, Ms. Moore was employed as an Audit Liaison and Management Control Officer by the United States Department of Agriculture. See id. ¶ 4. According to Ms. Moore, in or about February 2005 she began

---

[1] The complaint named Mike Johanns, former Secretary of the United States Department of Agriculture, as the party defendant. The Court now substitutes Edward T. Schafer, Mr. Johanns' successor, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

"request[ing] both orally and in writing that the agency provide her with reasonable accommodations [for her disabilities] that would enable her to continue performing her job duties." Id. ¶ 15.[2] The agency denied Ms. Moore's requests. Id. ¶ 17. According to Ms. Moore, she complained of discrimination by the USDA on or about April 22, 2005. Id. ¶ 22. On April 29, 2005, the agency sent Ms. Moore an advisory memorandum warning her that her attendance and performance were not acceptable, and that "'appropriate disciplinary' action would be taken if her behavior did not improve." Id. ¶ 24.

On or about May 2, 2005, Ms. Moore sought Equal Employment Opportunity counseling with respect to four issues: (1) the USDA's alleged failure to provide reasonable accommodations for her disabilities; (2) the USDA's alleged denial of due process in the processing of her request for reasonable accommodations; (3) the USDA's allegedly inappropriate disclosure of medical information; and (4) the USDA's issuance of the advisory memorandum on April 29, 2005, which Ms. Moore regarded as retaliatory. See Mot., Ex. 3, EEO Counselor Report at 2 (date unknown). Ms. Moore resigned from her position on May 20, 2005. She claims that she "felt she had no choice except to resign given the fact that the agency refused to grant her a reasonable accommodation and was threatening her with disciplinary action." Compl. ¶ 25. Soon thereafter she was notified of her right to file a formal EEO complaint. See Mot., Ex. 3, Notice of Right to File (June 15, 2005). Ms. Moore filed her formal complaint on July 1, 2005, and the USDA's Office of Civil Rights acknowledged that complaint

---

[2]    Specifically, Ms. Moore "requested (1) to telework from home two days per week; (2) to work from home on days of inclement winter weather (regardless of whether she had teleworked from home that week); (3) the option to work or not work up to two credit hours from home pursuant to the USDA's 'maxiflex schedule' and (4) modification of her work start time . . . .". Compl. ¶ 15.

in a letter sent to Ms. Moore's attorney dated November 23, 2005.  See Mot., Ex. 2, Letter from USDA Acknowledging Receipt of Plaintiff's Formal EEO Complaint at 1 (Nov. 23, 2005) ("Acknowledgment Letter").

In the USDA's November 2005 letter to Ms. Moore, the agency specified that it was "accepting and referring for investigation the following claims":

> Whether the agency subjected [Ms. Moore] to discrimination based on physical and mental disabilities (seizure disorder and neuromuscular condition) and reprisal (prior EEO activity) when:
>
> 1.  on April 1, 2005, [Ms. Moore] was denied due process in her request for reasonable accommodations[;]
>
> 2.  on April 22, 2005, [Ms. Moore's] sensitive medical records were inappropriately released to her supervisor;
>
> 3.  on April 25, 2005, [Ms. Moore] was denied reasonable accommodation, including temporary accommodation[;] and
>
> 4.  on April 29, 2005, [Ms. Moore] was issued an advisory notice of concern regarding her conduct and performance?

Acknowledgment Letter at 1.  That letter further specified that "[i]f you do not agree with the defined claim, you must provide us with sufficient reasons, in writing, within 7 calendar days from receipt of this letter . . . .".  Acknowledgment Letter at 2.

Ms. Moore never indicated any disagreement with the description of her claims as set forth in the November 2005 Acknowledgment Letter.  She did, however, move to amend her formal administrative complaint to add an allegation of constructive discharge on or about June 9, 2006.  See Opp., Ex. D, Consent Motion to Amend Complaint at 1-2 (June 9, 2006) (stating that "[w]hile [Ms. Moore] contends that the Complaint already contains allegations sufficient to create a claim for constructive termination, out of an abundance of caution, [Ms. Moore] is

3

seeking the inclusion" of an explicit allegation of constructive discharge).  Counsel for the USDA apparently consented to this motion, but the ALJ before whom the case was pending denied the motion on the ground that it was untimely.  See Mot., Ex. 5, Order in EEOC Case No. 570-2006-00059X, at 1 (Oct. 23, 2006) ("Contrary to [Ms. Moore's] assertion, I find that the requested amendment, *i.e.* the constructive termination claim, was the subject of undue delay as it was not requested until several months into the discovery process.").

On December 21, 2006, Ms. Moore voluntarily withdrew her EEO complaint.  She filed suit in this Court on June 5, 2007, alleging (1) discrimination in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* (in the form of denial of reasonable accommodations of her disabilities); (2) constructive discharge in violation of Section 501; and (3) unlawful retaliation for protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16.  See Compl. ¶¶ 28-33.

The USDA has moved to dismiss Ms. Moore's constructive discharge claim, arguing that she has not timely exhausted her administrative remedies with respect to that claim.  See Mot. at 6 ("Plaintiff did not contact an EEO counselor at the time of her alleged constructive discharge; neither did Plaintiff file a formal EEOC Complaint of discrimination related to the constructive discharge.  Accordingly, all claims based on constructive discharge should be dismissed.").

II. DISCUSSION

*A. Plaintiff's Arguments*

Notably, Ms. Moore does not dispute that she was required to exhaust her administrative remedies with respect to the constructive discharge claim, nor that she failed to do so in a timely manner.  See generally Opp.  She does, however, argue that this failure should be excused on two grounds.

First, she argues that "the agency had notice of Ms. Moore's constructive discharge claim prior to the filing of Ms. Moore's lawsuit in federal court." Opp. at 3.  The agency had sufficient notice, says Ms. Moore because (1) "Ms. Moore advised the EEO counselor [in May 2005] that she resigned . . . because the process of obtaining a reasonable accommodation . . . was 'too embarrassing and stressful,'" and (2) "her formal EEO complaint states that she was forced to leave the agency as a result of the agency's discriminatory conduct." Opp. at 3-4.  Thus, says Ms. Moore, she "put the agency on notice that she had a claim for constructive discharge," and therefore should be excused from formally exhausting her administrative remedies with respect to that claim.  Id. at 4; see also id. ("Since the agency was aware of Ms. Moore's constructive discharge claim prior to the filing of her lawsuit in federal court, the Court should not dismiss her claim.").

Second, Ms. Moore argues that her failure to exhaust should be excused because USDA "waived its objection to Ms. Moore's constructive discharge claim when its attorney agreed to permit Ms. Moore to amend her formal complaint to include a claim for constructive discharge." Opp. at 4.

5

*B. Exhaustion Requirement*

Ms. Moore's constructive discharge claim is based on Section 501 of the Rehabilitation Act. See Compl. ¶ 5.³ As the D.C. Circuit has observed, Section 501 expressly "limits judicial review to employees 'aggrieved by the final disposition' of their administrative 'complaint,' 29 U.S.C. § 794a(a)(1), thereby mandating administrative exhaustion." Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006). In other words, Section 501 plaintiffs are required to exhaust their administrative remedies before bringing their claims to Court. Moreover, unlike some exhaustion requirements, Section 501's is jurisdictional. See Spinelli v. Goss, 446 F.3d at 162 ("The district court also should have dismissed Spinelli's Rehabilitation Act claim for lack of jurisdiction on the ground that he has failed to exhaust his administrative remedy."); Int'l Union v. Clark, Civil Action No. 02-1484, 2006 WL 2598046, at *9 (D.D.C. Sept. 11, 2006) (observing that exhaustion of administrative remedies is "a jurisdictional predicate to Section 501 claims"); but see Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (concluding that exhaustion is not a jurisdictional requirement under Section 501).⁴ Thus, courts may not "read futility or other exceptions" into Section 501's exhaustion requirement, and a complainant's failure to exhaust her remedies deprives the Court of subject matter jurisdiction over her unexhausted claims. Spinelli v. Goss, 446 F.3d at 162; see also Int'l Union v. Clark, 2006 WL

---

³ Section 501 is the exclusive remedy for federal employees alleging that federal agencies engaged in disability discrimination. See Taylor v. Small, 350 F.3d 1286, 1291 (D.C. Cir. 2003); see also Bonieskie v. Mukasey, 540 F. Supp. 2d 190, 195 (D.D.C. 2008).

⁴ Because Section 501's exhaustion requirement is jurisdictional, defendant's motion should have been brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. But since the Court ultimately concludes that plaintiff's constructive discharge claim must be dismissed for failure to exhaust, the error is inconsequential.

2598046 at *9 (noting that "because a jurisdictional exhaustion requirement [like the one imposed by Section 501] is a condition to the waiver of sovereign immunity [it] must be strictly construed") (internal quotation marks and citation omitted).

Under these principles, both of Ms. Moore's arguments against dismissal of her constructive discharge claim must fail.

### C. Plaintiff's "Sufficient Notice" Argument

As Ms. Moore acknowledges, see Opp. at 3, one of the fundamental purposes of any exhaustion requirement is to ensure that the agency has notice of a discrimination claim "and the opportunity to handle it internally." Velikonja v. Mueller, 315 F. Supp. 2d 66, 74 (D.D.C. 2002). She argues, in essence, that her actions were sufficient to put the agency on notice of her constructive discharge claim. There are two answers to this argument.

First, this "sufficient notice" or "constructive notice" argument – which implicitly concedes that Ms. Moore did not *formally* notify the agency of a constructive discharge claim and that the agency therefore did not *actually* handle the matter internally – asks the Court to forgive a failure to adhere to the basic terms of Section 501's exhaustion requirement. It therefore runs afoul of the principle that courts may not "read futility *or other exceptions*" into that exhaustion requirement. Spinelli v. Goss, 446 F.3d at 162 (emphasis added).

Second, this argument ignores the fact that Ms. Moore's constructive discharge claim was *excluded* from this matter on at least two occasions. As noted above, Ms. Moore did not dispute the description of her claims set forth in the Acknowledgment Letter of November 23, 2005 – a description that omits any mention of a constructive discharge allegation. See

Acknowledgment Letter at 1-2. Nearly six months later, she moved to add an allegation of constructive discharge to her formal administrative complaint. But that motion was denied as untimely by the ALJ. As a result, at no time was Ms. Moore's constructive discharge allegation actually put before the USDA for investigation and decision; to the contrary, it was consistently excluded from the agency's purview. The agency therefore was never "on notice" of the allegation, nor permitted to "handle it internally."

### D. Plaintiff's "Waiver" Argument

Ms. Moore's second argument is, in essence, an argument that the USDA should be equitably estopped from raising the exhaustion defense because, during the administrative proceedings, an attorney for the agency consented to Ms. Moore's motion to amend her formal administrative complaint by adding a constructive discharge claim. See Opp. at 5. This argument fails as well.

Generally speaking, "equitable estoppel will not lie against the Government as it lies against private litigants," Office of Personnel Management v. Richmond, 496 U.S. 414, 419 (1990), and the D.C. Circuit has emphasized that "estoppel's application to the Government should be rigid and sparing." ATC Petroleum, Inc. v. Sanders, 860 F.2d 1104, 1111 (D.C. Cir. 1988). Notably, the D.C. Circuit has expressed skepticism that the doctrine may be used "to undercut statutory exhaustion requirements." Rann v. Chao, 346 F.3d 192, 197 (D.C. Cir. 2003). Particularly in view of these principles, the Court sees no reason to estop the government from raising the exhaustion defense in this case.

Ms. Moore seems to believe that equitable estoppel is appropriate because otherwise the USDA would be permitted to benefit from taking inconsistent positions over time. The problem with this view is that there is nothing inconsistent between the USDA's earlier position (that is, its consent to Ms. Moore's motion to amend her formal administrative complaint) and its current position (that is, its view that Ms. Moore has failed to exhaust her remedies with respect to her constructive discharge allegation). It is true that the agency consented to Ms. Moore's motion to amend her complaint. But the ALJ denied that motion because Ms. Moore failed to assert her constructive discharge claim in a timely manner. Thus, *as a result of her own delay*, Ms. Moore's constructive discharge claim was never exhausted. There is nothing inconsistent about agreeing to allow a complainant to try to add a claim to her complaint and then, if that attempt is unsuccessful, pointing out the consequences.

### III.  CONCLUSION

In short, Ms. Moore's arguments amount to little more than a request to turn back the clock and remedy her procedural missteps. The Court will not grant that request – both because Ms. Moore offers no good reason to do so, and because the Court is required to construe strictly the jurisdictional exhaustion requirements of Section 501. See Int'l Union v. Clark, 2006 WL 2598046 at *9. Thus, the Court will grant defendant's motion for partial dismissal and dismiss Count II of plaintiff's complaint. A separate Order to that effect will issue this same day.

SO ORDERED.

DATE: September 2, 2008

/s/_____
PAUL L. FRIEDMAN
United States District Judge